Dawn M. Maguire-Bayne, State Bar #20368
Christen N. Carns, State Bar #26211
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
E-mail: dbayne@asbazlaw.com

Attorneys for Chapter 7 Trustee Diane M. Mann

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 7 PROCEEDING |
| JANET VIOLA PETRILLO AKA JANET DELORE PETRILLO, | Case No. 2:11-bk-22318-SSC |
| Debtor. | |
| DIANE M. MANN, | Adv. No. 2-12-ap-00242-SSC |
| Plaintiff, | |
| vs. | **COMPLAINT (PREFERENCE)** |
| DANIEL J. WARTENBERG and ALLA V. WARTENBERG, | |
| Defendants. | |

As and for her complaint to recover transfer, Plaintiff, Diane M. Mann, Chapter 7 Trustee ("Trustee" or "Plaintiff"), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. On August 3, 2011, Janet Viola Petrillo ("Debtor") filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

2. The Plaintiff is the duly appointed and authorized Chapter 7 Trustee in this bankruptcy case.

3. Upon information and belief, Daniel J. Wartenberg and Alla V. Wartenberg ("Defendants") are residents of Nevada.

4. Upon information and belief, all of Defendants' acts complained of herein were

taken on behalf of the marital community, and the marital community is liable to Plaintiff for any amount awarded pursuant to this Complaint.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 544, 547, 548 and 550 and Bankruptcy Rules 7001, *et seq*.

6. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## FACTS AND BACKGROUND

8. On January 28, 2011, Defendants obtained a judgment against the Debtor in the Eighth Judicial District Court of Clark County, Nevada, Case Number 08A577909, in the amount of $807,954.34 ("Judgment").

9. On April 5, 2011, the Defendants domesticated the Judgment in Maricopa County Superior Court, Case Number CV2011-007869.

10. On May 5, 2011, the Defendants recorded the domesticated Judgment with the Maricopa County Recorder's Office, recording number 2011-0380601. **See attached Exhibit "A".**

11. On June 1, 2011, the Defendants recorded a lien against the Debtor's real property ("AZ Lien") located at 20161 E. Silver Creek Lane, Queen Creek, AZ 85142 ("Arizona Property") recording number 2011-0458182. **See attached Exhibit "B".**

12. Besides the Defendants' AZ Lien, there are no other liens encumbering the Arizona Property.

13. According to the Debtor's Schedule A, the Arizona Property is valued at $238,000.00. **See attached Exhibit "C".**

14. The Debtor claimed the Arizona Property exempt on her Amended Schedule C, and the Trustee filed an Objection. The Objection is currently pending before this Court. **See docket entries.**

15. Upon information and belief, the Defendants also domesticated the Judgment in a New Jersey Superior Court. Defendants have refused to provide any identifying court information relating to domestication of the Judgment in any New Jersey court, despite the

1. Trustee's request.

2. 16. Upon information and belief, the Defendant recorded the domesticated Judgment with the Ocean County Recorder's Office ("NJ Lien") against the Debtor's property located at 52 W. Granada Dr., Brick, NJ 08723 ("New Jersey Property"). Defendants have refused to provide any identifying recordation information relating to the NJ Lien

3. 17. Upon information and belief, besides the Defendants' NJ Lien, there are no other liens encumbering the New Jersey Property.

4. 18. According to the Debtor's Schedule A, the New Jersey Property is valued at $150,000.00. **See attached Exhibit "C".**

5. 19. At least 90 days prior to the Petition Date, the Defendants obtained a Writ of Execution for the Judgment.

6. 20. On June 7, 2011, the Defendants garnished $10,319.00 ("Garnishment") from the Debtor's Wells Fargo Bank account ending in 6950 ("Bank Account") pursuant to the Writ of Execution. **See attached Exhibit "D".**

### COUNT ONE – PREFERENTIAL TRANSFER REGARDING AZ LIEN

21. The Arizona Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

22. By recording the AZ Lien against the Property ("Transfer"), the Defendants enhanced their status from unsecured creditor to secured creditor.

23. By recording the AZ Lien against the Property, the Defendants depleted the value of the AZ Property.

24. The Arizona Property was encumbered with the AZ Lien within 90 days of the Petition Date.

25. The Debtor had an interest in the Arizona Property when the Defendants recorded the AZ Lien.

26. The Defendants were creditors of the Debtor when they recorded the AZ Lien against the Arizona Property.

27. The Defendants recorded the AZ Lien for or on account of an antecedent debt

1 owed by the Debtor.

2     28. The Debtor was insolvent when the Defendants recorded the AZ Lien against the
3 Arizona Property.

4     29. The AZ Lien has enabled the Defendants to receive a greater return on their claim
5 than they would otherwise receive in this Chapter 7 case.

6     30. Pursuant to 11 U.S.C. §§ 547(b) and 550, the Trustee may avoid the AZ Lien and
7 recover the value of the Arizona Property.

8     **WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants,
9 individually and against the marital community:

10     a. Avoiding the AZ Lien;
11     b. Directing Defendants, and any and all subsequent transferees of the AZ Lien, to
12        release the AZ Lien to the Trustee for the benefit of the Debtor's bankruptcy
13        estate;
14     c. Allowing the Trustee to proceed with liquidation of the Arizona Property free and
15        clear of liens pursuant to 11 U.S.C. § 363;
16     d. Awarding Plaintiff's reasonable attorney's fees, which shall not exceed $1,000.00,
17        if a default judgment is entered;
18     e. Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed
19        $293.00, if a default judgment is entered; and
20     f. For such other and further relief as this Court deems just and appropriate under the
21        circumstances.

22     **COUNT TWO – PREFERENTIAL TRANSFER REGARDING NJ LIEN**

23     31. The Arizona Property is property of the bankruptcy estate pursuant to 11 U.S.C. §
24 541.

25     32. By recording the NJ Lien against the Property ("Transfer 2"), the Defendants
26 enhanced their status from unsecured creditor to secured creditor.

27     33. By recording the NJ Lien against the Property, the Defendants depleted the value
28 of the NJ Property.

34. The New Jersey Property was encumbered with the NJ Lien within 90 days of the Petition Date.

35. The Debtor had an interest in the New Jersey Property when the Defendants recorded the NJ Lien.

36. The Defendants were creditors of the Debtor when they recorded the NJ Lien against the New Jersey Property.

37. The Defendants recorded the NJ Lien for or on account of an antecedent debt owed by the Debtor.

38. The Debtor was insolvent when the Defendants recorded the NJ Lien against the New Jersey Property.

39. The NJ Lien has enabled the Defendants to receive a greater return on their claim than they would otherwise receive in this Chapter 7 case.

40. Pursuant to 11 U.S.C. §§ 547(b) and 550, the Trustee may avoid the NJ Lien and recover the value of the New Jersey Property.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants, individually and against the marital community:

a. Avoiding the NJ Lien;

b. Directing Defendants, and any and all subsequent transferees of the NJ Lien, to release the NJ Lien to the Trustee for the benefit of the Debtor's bankruptcy estate;

c. Allowing the Trustee to proceed with liquidation of the New Jersey Property free and clear of liens pursuant to 11 U.S.C. § 363;

d. Awarding Plaintiff's reasonable attorney's fees, which shall not exceed $1,000.00, if a default judgment is entered;

e. Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $293.00, if a default judgment is entered; and

f. For such other and further relief as this Court deems just and appropriate under the circumstances.

**COUNT THREE – PREFERENTIAL TRANSFER REGARDING GARNISHMENT**

41. The Debtor had an interest in the bank funds held in Bank Account prior to the Defendants Garnishment.

42. The Defendants were creditors of the Debtor when they garnished the Debtor's Bank Account.

43. The Defendants garnished the Bank Account for or on account of an antecedent debt owed by the Debtor, namely, the Judgment.

44. The Debtor was insolvent when the Defendants garnished the Debtor's Bank Account.

45. Upon information and belief, the Garnishment has enabled the Defendants to receive a greater return on their claim than they would otherwise receive in this Chapter 7 case.

46. Pursuant to 11 U.S.C. §§ 547(b) and 550, the Trustee may avoid the transfer of funds from the Bank Account and recover the value of the Garnishment.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants, individually and against the marital community:

    a.    Avoiding the Garnishment;

    b.    Directing Defendants, and any and all subsequent transferees of the Garnishment, to return the Garnishment to the Trustee for the benefit of the Debtor's bankruptcy estate, in the amount of $10,319.50;

    c.    Awarding Plaintiff's reasonable attorney's fees, which shall not exceed $1,000.00, if a default judgment is entered;

    d.    Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $293.00, if a default judgment is entered; and

///

///

///

1      e.    For such other and further relief as this Court deems just and appropriate under the circumstances.

DATED February 1, 2012

                                          **ALLEN, SALA & BAYNE, PLC**

                                          */s/ DMMB 20368*
                                          Dawn M. Maguire-Bayne
                                          Christen N. Carns
                                          1850 N. Central Ave., Suite 1150
                                          Phoenix, Arizona 85004
                                          Attorneys for Trustee Diane M. Mann