Dawn M. Maguire-Bayne, State Bar #20368
Christen N. Carns, State Bar #26211
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: dbayne@asbazlaw.com

Attorneys for Trustee Diane M. Mann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| JANET VIOLA PETRILLO AKA JANET DELORES PETRILLO, | Case No. 2-11-bk-22318-SSC |
| Debtor. | |
| DIANE M. MANN CHAPTER 7 TRUSTEE, | Adv. Case No. 2-12-ap-00242-SSC |
| Plaintiff, | **STIPULATION TO RESOLVE ADVERSARY PROCEEDING** |
| vs. | |
| DANIEL J. WARTENBERG AND ALLA V. WARTENBERG, | |
| Defendants. | |

Diane M. Mann the Chapter 7 Trustee in the above-captioned case ("Trustee"), and Daniel J. Wartenberg and Alla V. Wartenberg ("Defendants"), by and through undersigned counsel, hereby stipulate and agree as follows:

1. On August 3, 2011 ("Petition Date"), Janet Viola Petrillo aka Janet Delores Petrillo ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Diane M. Mann is the duly appointed Chapter 7 Trustee.

3. The Trustee filed a lawsuit against Daniel J. Wartenberg and Alla V. Wartenberg ("Defendants") on February 1, 2012, asserting the Trustee's avoidance rights under 11 U.S.C. § 547 ("Litigation"). Through the Litigation, the Trustee requested the right to avoid the Judgment Lien encumbering the real properties located at 52 W. Granada Drive, Brick, NJ

EXHIBIT A

08723 ("New Jersey Property"), and 20161 E. Silver Creek Lane, Queen Creek, AZ 85142 ("Arizona Property").

4. Prior to the Litigation, the Trustee filed an objection to the Debtor's claimed homestead exemption in the Arizona Property ("Exemption"). See Docket No. 29. Mr. and Mrs. Wartenberg joined in the Trustee's objection on October 6, 2011; see Docket No. 31. The Debtor filed a response a Docket No. 34; however, the matter has not been presented to the Court.

5. Because of the exemption rights to the Arizona Property, the Trustee seeks avoidance of the lien against the New Jersey Property to allow the Trustee to sell the New Jersey Property as property of the bankruptcy estate.

6. Mr. and Mrs. Wartenberg contend that they did not receive more by securing the Default Judgment against the New Jersey Property than they would have received in this Chapter 7 case, as their Default Judgment is for $716,884.74. See Claim No. 4 on Claims Register.

7. Through the Litigation, Trustee also asserts the right to avoid the $10,000.00 payment made to Mr. and Mrs. Wartenberg through garnishment proceedings ("Garnishment") of the Debtor's Wells Fargo account.

8. In addition, the Trustee asserts that Mr. and Mrs. Wartenberg cannot be creditors of this bankruptcy estate until they release the alleged preferential lien rights against both parcels of real property pursuant to 11 U.S.C. § 502(d).

9. In full and final settlement of Adversary No. 2-12-ap-00242-SSC, as well as the Exemption issues, the Trustee and the Wartenbergs agree as follows:

　　A. The Wartenbergs shall release the Judgment Lien against the Arizona Property, effective no later than May 1, 2013.

　　B. The Wartenbergs shall release the Judgment Lien against the New Jersey Property, as satisfied in full, in conjunction with the Trustee's Sale of the New Jersey Property. See subparagraphs D-J below.

　　C. The Trustee and the Wartenbergs shall withdraw, through the Order

Approving the Stipulation, the Objections to the Debtor's claimed homestead Exemption in the Arizona Property.

      D.    The Trustee shall accept the Wartenbergs' credit bid of $716,884.74 for the purchase of the New Jersey Property from the bankruptcy estate, pursuant to a sale hearing after the Trustee files the Sale Motion pursuant to 11 U.S.C. § 363.

      E.    The parties agree that the sale of the New Jersey Property shall be governed by the Bankruptcy Code, and subject to higher and better offers.

      F.    The Wartenbergs agree that the sale of the New Jersey Property will be "as is/where is", with no representations or warranties of any kind. In addition, the Wartenbergs agree that they will assume all other liens, liabilities, and regulations against the New Jersey Property.

      G.    The Wartenbergs confirm that they have received the title report conducted by Prestige Title Agency, Inc. dated December 12, 2012.

      H.    The Wartenbergs confirm that they have received the inspection report conducted by Accuracy Home Inspection, dated January 3, 2013, along with the Pest Pros report dated January 3, 2013.

      I.    The Wartenbergs agree to release any and all pre-petition claims against the Debtor.

      J.    The Wartenbergs agree to a complete release of any and all claims against the Trustee, her counsel, agents, accountants, and professionals for any and all claims, known and unknown.

    10.    This Stipulation is intended to resolve any and all issues between the Trustee and Defendants in connection with Adversary No. 2-12-ap-00242-SSC. The Order approving this Stipulation shall result in the dismissal of Adversary No. 2-12-ap-00242-SSC, with prejudice, all parties to bear their own costs and attorneys' fees.

    11.    This Stipulation contains the complete agreement between the parties and no other document shall be relied upon by any of the parties to supplement, modify, change or affect the terms of this Stipulation, unless entered into after the date of this Stipulation and

signed by all parties hereto. The Trustee's Sale Motion, pursuant to 11 U.S.C. § 363, will be filed in conjunction with this Stipulation.

12. This Stipulation shall be binding upon the parties hereto, their successors and assigns.

13. In the event of any breach of this Stipulation, the Trustee shall be entitled, in addition to any other amounts due or rights granted to the Trustee under this Stipulation, to an award of all costs and attorneys' fees incurred in pursuing the enforcement or collection of this Stipulation.

14. This Stipulation shall be subject to Bankruptcy Court approval, after appropriate motion and notice to all creditors and parties-in-interest. The Trustee shall file the appropriate motion for approval pursuant to Fed.R.Bankr.P. 9019. In the event that approval is not granted, this Stipulation shall be null and void.

15. The parties agree that this Stipulation may be signed in multiple counterparts, including facsimile copies or in the form of a scanned signature delivered electronically in portable document format, and all such counterparts taken together shall constitute one complete instrument.

16. Nothing in this Stipulation, express or implied, is intended to confer any rights or remedies under or by reason of this Stipulation on any person or entities other than the parties to this Stipulation, nor is anything in this Stipulation intended to relieve or discharge the obligation or liability of any third party or entity not a party hereto.

17. The Bankruptcy Court shall retain jurisdiction to resolve all disputes concerning the interpretation and enforcement of this Stipulation.

///

///

///

18. This Stipulation shall be construed in accordance with the laws of the State of Arizona.

DATED: April 11, 2013

**ALLEN, SALA & BAYNE, PLC**

*/s/ Dawn M. Maguire-Bayne*
Dawn M. Maguire-Bayne
Christen N. Carns
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Trustee Diane M. Mann

**REYNOLDS LAW, P.C.**

*permission to execute for filing*
Scott Reynolds   */s/ Dawn M. Maguire-Bayne*
2999 N. 44th St., Suite 330
Phoenix, AZ 85018
Attorneys for Daniel J. Wartenberg and Alla V. Wartenberg